ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **CONSEJO DE TITULARES CONDOMINIO TORRES DEL ESCORIAL**<br><br>Peticionario<br><br>v.<br><br>**RAFAEL BERNAL MARTÍNEZ**<br><br>Recurrido | TA2026CE00498 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>**CA2025CV01642**<br><br>Sobre:<br>Cobro de Dinero - Ordinario |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de junio de 2026.

Comparece ante nos, el Consejo de Titulares del Condominio Torres del Escorial (Consejo de Titulares o parte peticionaria) y solicita que revisemos el pronunciamiento emitido el 7 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria* instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

El caso de autos inició en 2025, cuando el Consejo de Titulares incoó una *Demanda* sobre cobro de dinero en contra del señor Rafael Bernal Martínez (señor Bernal Martínez o parte recurrida). Alegó que, el demandado era titular del apartamento PH-4 de la Torre IV del Condominio Torres del Escorial y tenía alquilada una covacha por la cantidad de $150.00 mensuales. Arguyó que, a

la fecha de la demanda, el señor Bernal Martínez tenía una deuda por concepto de alquiler de la covacha. Adujo que, a pesar de realizar gestiones de cobro, estas fueron infructuosas. Por tanto, requirió al TPI que declarara ha lugar la demanda y condenara al señor Bernal Martínez a satisfacer la suma reclamada, junto al pago de recargos e intereses aplicables.

El 11 de septiembre de 2025, el señor Bernal Martínez presentó una *Contestación de Demanda.* Expresó que en el 2017 pactó un acuerdo verbal de arrendamiento con el Condominio respecto a la covacha objeto de la demanda. Negó categóricamente un incumplimiento de contrato de su parte y, por tanto, la existencia de una deuda exigible. Argumentó que, cuando pactó el acuerdo verbal, se le indicó que la renta de la covacha sería de $75.00 mensuales y, en caso de desistir del arrendamiento, debía notificarlo con un mes de anticipación. Añadió que los términos fueron claros, precisos y nunca incluyeron la posibilidad de aumentos unilaterales por parte del arrendador. Destacó que cumplió con los pagos de la renta pactada y el Condominio aceptó los mismos, reconociendo la validez del contrato. Alegó que siempre estuvo en la disposición de discutir un nuevo acuerdo, pero no tuvo éxito. Solicitó al foro *a quo* que desestimara la demanda por carecer de fundamento legal y fáctico. En la alternativa, requirió al TPI que reconociera la vigencia y validez del contrato verbal y declarara que no incumplió los términos.

Tras varios incidentes procesales, el 30 de enero de 2026, el Consejo de Titulares instó una *Moción Solicitando Sentencia Sumaria.* Allí enumeró 11 hechos sobre los cuales entendía que no existía controversia. Invitó al TPI a dictar sentencia sumaria, declarando ha lugar la causa de acción en cobro de dinero por falta de pago del arrendamiento de la covacha en controversia. Añadió que le correspondía al señor Bernal Martínez el peso de la prueba,

para evidenciar que no adeudaba nada y no conocía del cambio en valor del arrendamiento correspondiente a cada covacha en particular. Esbozó que, de las alegaciones de la demanda, la contestación a la demanda, la declaración jurada y los documentos anejados a su petitorio, surgía la inexistencia de una controversia real sobre ningún hecho material del caso. Ello, en el sentido de que el señor Bernal Martínez conocía de las obligaciones con el Consejo de Titulares del alquiler de covachas. Manifestó que, por el cambio de los términos del contrato, era imprescindible que el señor Bernal Martínez desalojara o removiera sus pertenencias de la covacha. En la alternativa, que pagara lo adeudado, los intereses legales aplicables, más honorarios de abogado. Además, que firmara un nuevo contrato con el Condominio a tenor con los cambios en precios por covacha.[1]

En respuesta, el 27 de febrero de 2026, el señor Bernal Martínez incoó una *Oposición a la Sentencia Sumaria*. En suma, alegó que la prueba presentada por el Consejo de Titulares confirmaba que el aumento en el canon de arrendamiento fue determinado y aprobado por la Junta de Directores y no por el Consejo de Titulares del Condominio Torres del Escorial. Ante ello, acentuó que el aumento no le obligaba y seguían vigentes los términos que el aceptó en el 2017 cuando alquiló el espacio. Hizo hincapié en que existía controversia sobre los siguientes asuntos:

1. Balance adeudado, si alguno.
2. La validez del alegado aumento en el canon de arrendamiento.

---

[1] Junto a su escrito anejó los siguientes documentos: Acta de la Asamblea Anual Ordinaria del Consejo de Titulares celebrada el 24 de enero de 2023; comunicación a todos los titulares de la de la Asamblea Anual Ordinaria del Consejo de Titulares celebrada el 22 de enero de 2024; propuesta de acuerdo de arrendamiento de covacha dirigida al señor Bernal Martínez con fecha de 1 de noviembre de 2017; declaración jurada de la señora Mildred Ortiz Flores; comunicado para la renovación de contrato de alquiler de covachas enviado por la Oficina de Administración del Condominio el 12 de abril de 2024; Contrato de Arrendamiento Área de Almacenaje; Resolución DACo y comunicado a los titulares y residentes con alquiler de covachas enviado por la Junta de Directores del Condominio el 11 de abril de 2024.

3. La autoridad de la Junta de Directores para imponer un aumento de 100% y duplicar el canon de arrendamiento sin que los titulares afectados tuviesen oportunidad de ser escuchados.

Además, razonó que, de los documentos incluidos en la moción de sentencia sumaria, surgía que el canon de arrendamiento de las covachas ha sido $75.00 desde que se construyó el Condominio y este era el canon aplicable a la fecha que alquiló la covacha. Expuso que el tema del aumento de canon de arrendamiento se tocó en las asambleas celebradas en el 2022 y 2023 bajo "asuntos nuevos", por lo que las personas afectadas no tuvieron conocimiento adelantado de que se discutiría este tema y no tuvieron una oportunidad real de oponerse. Destacó que dichos documentos tampoco evidenciaron que se haya presentado moción alguna para aprobar el aumento, establecer un canon nuevo, aprobar el borrador de contrato de arrendamiento o que se haya llevado a votación.

En armonía con lo anterior, el señor Bernal Martínez esgrimió que fue la Junta de Directores quien estableció los aumentos propuestos y revisó el borrador del contrato, situación que no se le podía imputar al Consejo de Titulares porque no se llevó a votación en una asamblea debidamente convocada. Sostuvo que el Consejo de Titulares no había probado que existía una deuda vencida, líquida y exigible. Asimismo, mencionó que existía ante el Departamento de Asuntos del Consumidor (DACo) una querella relacionada a las actuaciones de la Junta de Directores del Condominio en las asambleas concernidas que no ha sido adjudicada. Por tanto, esbozó que procedía denegar la moción de sentencia sumaria.[2]

---

[2] Junto a su escrito anejó los siguientes documentos: *Notificación de Enmienda* remitida el 1 de octubre de 2025 por el DACo sobre la querella presentada por la señora Patricia López Serrano contra la Junta de Directores del Condominio Torres del Escorial y otras partes; *Customer Balance Detail* y *Acta* de la Asamblea Ordinaria celebrada el 22 de enero de 2024.

Evaluadas las posturas de ambas partes, el 7 de marzo de 2026, el foro *a quo* dictó una *Resolución*. Mediante la misma, declaró *No Ha lugar* la solicitud de sentencia sumaria presentada por el Consejo de Titulares. En su dictamen incluyó las siguientes determinaciones de hechos esenciales y pertinentes sobre las cuales entendía que no había controversia sustancial:

1. El condominio Torres del Escorial tiene 11 espacios de almacenaje para arrendamiento.

2. Bernal es el arrendador de uno de esos espacios de almacenaje.

A su vez, el TPI estableció que existía controversia sobre los siguientes hechos:

1. Determinar los términos y las condiciones del contrato de arrendamiento existente entre las partes;

2. Determinar si el demandado incumplió el contrato de arrendamiento;

3. Si el demandado incumplió el contrato de arrendamiento, determinar si adeuda cánones de arrendamiento y la cuantía de la deuda.

Así, el foro de instancia ordenó continuar los procedimientos del pleito.

Inconforme, el 22 de marzo de 2026, el Consejo de Titulares solicitó reconsideración, pero esta fue denegada.

Aun en desacuerdo, el Consejo de Titulares comparece ante este Foro y alega que, el TPI erró al no determinar que el señor Bernal Martínez incumplió con los requerimientos que provee la Ley de Condominios, para oponerse al mandato de unas asambleas debidamente convocadas.

El 19 de mayo de 2026, el señor Bernal Martínez incoó su *Oposición a la Expedición del Auto de Certiorari*. Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

**A**.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones[4] enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

---

[3] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 36 de las de Procedimiento Civil dispone el mecanismo procesal extraordinario y discrecional de la sentencia sumaria. 32 LPRA Ap. V, R. 36. Su propósito principal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que

puede prescindirse del juicio plenario. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, res. el 7 de enero de 2025, 2025 TSPR 1; *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023).[5] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión, supra,* págs. 213-214, seguido en *Meléndez González v. M. Cuebas, supra,* pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma, los cuales deben satisfacerse al momento de presentar una solicitud de sentencia sumaria. Estos requisitos son: (1) una exposición breve

---

[5] Véase, además: *Oriental Bank v. Caballero García,* 212 DPR 671 (2023); *Ferrer et. al. v. PRTC,* 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare,* 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010).

de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.  32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición.  Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa.  *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020).  El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material.  Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'".  La Regla 36.5 de las de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra.  32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión, supra*, págs. 215-216.

La Regla 36.4 de las de Procedimiento Civil establece que, si no se dicta sentencia sobre la totalidad del pleito ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria,

y, por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya controversia sustancial y aquellos que sí se encuentran genuinamente en controversia. 32 LPRA Ap. V, R.36.4.

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas, supra*, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial, y (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas, supra,* el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme con ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Nuestro Más Alto Foro ha pautado que, este Tribunal de Apelaciones se encuentra en la misma posición que

el Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. *Meléndez González v. M. Cuebas*, *supra*, págs. 118-119. Es decir, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Íd.*

### III.

Debido a que la controversia bajo nuestra consideración versa sobre la denegatoria de una moción de carácter dispositivo, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* conforme la Regla 52.1 de Procedimiento Civil, *supra.*

En esencia, la parte peticionaria sostiene que incidió el foro primario al declarar *No Ha Lugar* su moción de sentencia sumaria y disponer que existía controversia real y sustancial en cuanto a los términos y las condiciones del contrato de arrendamiento existente entre las partes; si la parte recurrida incumplió el acuerdo de alquiler y, de haber incumplido, si adeuda cánones por tal concepto. Particulariza que: (1) la parte recurrida adeuda las cantidades reclamadas y no trajo a la atención del Tribunal ningún documento que pusiera en entredicho la cantidad que se reclama; (2) la deuda reclamada está vencida, líquida y es exigible y (3) de los expedientes del Condominio no surge alegación o documentación alguna que acredite que la parte recurrida compareció a la asamblea del 2023 y que votó en contra de los acuerdos alcanzados en estas, ni evidenció justa causa para su incomparecencia. Añade que cuando este compareció, no impugnó la propuesta del alza en la renta de las covachas y dejó transcurrir el plazo aplicable para la impugnación del mandato.

Así, la parte peticionaria entiende que el foro recurrido debió emitir sentencia sumaria y concluir que existe una deuda válida a su favor que no ha sido satisfecha. Insiste en que no es necesario celebrar un juicio en su fondo para la resolución del caso.

Por otro lado, la parte recurrida está conforme con la decisión objetada. Esboza que, la prueba sometida por la parte peticionaria demuestra que no hubo una aprobación legítima del aumento en el alquiler de las covachas por parte del Consejo de Titulares. Es su contención que meramente se comentó el interés de aumentar la renta en la discusión de "asuntos nuevos", pero no hay evidencia de que se haya sometido una moción, ni que se haya votado al respecto. Por ende, aduce que no existe un mandato de la asamblea de aumentar el referido canon de arrendamiento.

A su vez, la parte recurrida manifiesta que una controversia en cuanto al canon de arrendamiento es un hecho material esencial de la causa de acción de cobro de dinero que hace inapropiada su resolución mediante sentencia sumaria. Alega que la deuda objeto de la presente causa de acción no puede considerarse en este momento líquida y exigible. Arguye que, la parte peticionaria pretende inducir a error al Tribunal indicando que el aumento fue aprobado por el Consejo de Titulares cuando es evidente que no hubo una votación al respecto; por el contrario, se aprobó el presupuesto sin aumentos. En síntesis, sostiene que no procede la intervención de este Foro con la determinación del TPI.

Tras examinar *de novo* la moción de sentencia sumaria y su oposición, acogemos las determinaciones de hechos formuladas por el foro primario en el dictamen recurrido, por entender que están debidamente sustentadas. Por consiguiente, somos del parecer que el TPI actuó correctamente al concluir que existe controversia sobre los términos y las condiciones del convenio de alquiler de la covacha suscrito entre las partes y si hubo un incumplimiento por la parte recurrida. Ello impide la resolución por la vía sumaria del caso. Dichas controversias solo pueden ser atendidas en un juicio plenario, mediante el desfile de prueba de las partes, una vez concluya el descubrimiento de prueba.

Por último, la parte recurrida argumenta que la parte peticionaria fue temeraria al acudir ante este Foro de forma obstinada, frívola y sin fundamento, con el único propósito de causar dilación en el proceso y ocasionarle gastos innecesarios. Exige la imposición de sanciones y honorarios de abogados. Sin embargo, analizado el asunto, optamos por no imponerlas en esta etapa apelativa.

En consecuencia, hemos determinado no intervenir con la actuación del TPI, por no encontrar indicio alguno de que procedió de forma prejuiciosa, arbitraria, en abuso de su discreción o que cometió algún error de derecho.

**IV.**

Por los fundamentos antes esbozados, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

La Jueza Díaz Rivera concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones